IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00236-MR

| | |
|---|---|
| JAHHAD MELEIK,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| J. McGHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I. BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution.[2] [Doc. 1]. He names as Defendants in their individual capacities: J. McGhee, a security threat group management unit (STEMU) captain; and FNU Gibbs, a STEMU sergeant. [Id. at 2]. He asserts

---

[1] According to the North Carolina Department of Public Safety's (NCDPS) website, the Plaintiff is also known as Lorenzo Manley and Josh Manning. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0278373&searchOffenderId=0278373&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Dec. 13, 2022); Fed. R. Evid. 201.

[2] The Plaintiff is presently incarcerated at the Columbus Correctional Institution.

violations of the First and Fourteenth Amendments. [Id. at 3]. He seeks compensatory and punitive damages. [Id. at 7].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The body of the Complaint refers to an individual by the name of Officer Fleimng, who has not been named as a defendant in the caption as required by the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 5 (referring to Officer Fleming)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at Officer Fleming are therefore dismissed without prejudice.

### B. Due Process Violation

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property

or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988).

The Plaintiff claims that Officer Fleming[3] confiscated a fictional manuscript that the Plaintiff wrote which included "Nine trey blood set,"[4] "Nine trey war," "five star general,"[5] and "damu,"[6] and referred it to Defendant Gibbs [Doc. 1 at 5]; that Defendants Gibbs and McGhee determined that the manuscript was security risk group (SRG)-related [id. at 5-6]; that the manuscript was confiscated "without an independent review" [id. 7]; and that the Plaintiff received an A-14[7] disciplinary infraction when he refused to have the manuscript destroyed [id. at 6].

---

[3] Officer Fleming is not a defendant in this case as discussed in Section A, *supra.*

[4] "Nine Trey Gangsters" or "Nine Trey" is an east coast chapter of the United Blood Nation (UBN), a violent street gang. See United States v. Simmons, 11 F.4th 239, 247 (4th Cir. 2021); United States v. Wilson, 832 F. App'x 147, 148 (4th Cir. Oct. 2020); United States v. Gutierrez, 963 F.3d 320, 330 (4th Cir. 2020); Fed. R. Ev. 201.

[5] "Five-star general" describes a high-level rank within the UBN's Nine Trey Gangsters. Wilson, 832 F. App'x at 148; United States v. Archible, 2021 WL 3192167 (E.D. Va. 2021), *aff'd* 2022 WL 2951754 (4th Cir. July 26, 2022); Fed. R. Ev. 201.

[6] "Damu" is Swahili for "Blood" and is associated with the Bloods gang. See United States v. Wilson, 634 F. App'x 718, 272 (11th Cir. 2015); United States v. Edwards, 2008 WL 4181758 (D. Minn. Sept. 5, 2008), *aff'd* 618 F.3d 802 (8th Cir. 2010); Fed. R. Ev. 201.

[7] "Participate in, or organize, whether individually or in concert with others, any gang or Security Risk Group (SRG), or participate in any activity or behavior associated with a Security Risk Group." NCDPS Policy & Procedure, Offender Disciplinary Procedures .0202(a).

This claim is self-defeating in that the Plaintiff admits that the confiscated manuscript contained terminology that is associated with a violent street gang. As such, the manuscript is contraband over which the Plaintiff lacks any property interest, and he has no due process claim regarding its confiscation or destruction. See generally Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984) (holding that a prisoner had no property interest in contraband, and therefore, its destruction did not implicate any due process concerns); Bagley v. Lanham, 23 F.3d 399 (4th Cir. 1994) ("Prison officials are authorized to summarily seize contraband") (table). To the extent that the Plaintiff complains that the manuscript should not have resulted in a disciplinary infraction, this too fails to state a claim due to the manuscript's gang-related content. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (to provide constitutionally sufficient substantive due process, a disciplinary offense finding must be "supported by some evidence in the record"). The Plaintiff's due process claims are, therefore, dismissed.

**C.  First Amendment**

Convicted prisoners generally retain their First Amendment rights that are not inconsistent with his status as a prisoner, or with the legitimate penological objectives of the correctional system. Pell v. Procunier, 417 U.S.

5

Case 1:22-cv-00236-MR   Document 8   Filed 01/23/23   Page 5 of 8

817, 822 (1974); Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 213 (4th Cir. 2017). Actions by prison officials are permissible under the First Amendment if they are "reasonably related to legitimate penological objectives." Turner v. Safley, 482 U.S. 78, 89 (1987).

The Plaintiff complains that the Defendants charged him with an A-14 disciplinary infraction when he refused to destroy the manuscript, and that he was punished with 20 days in solitary confinement "for exercising his First Amendment rights." [Doc. 1 at 7].

This claim fails because restrictions on dangerous gangs are rationally related to legitimate penological interests. See generally Wilkinson v. Austin, 545 U.S. 209, 227 (2005) (recognizing that gangs pose broad safety implications both inside and outside of prisons). The Plaintiff can assert no serious First Amendment claim to the manuscript due to its facially gang-related content. See Shakur v. Selsky, 391 F.3d 106, 115 n.4 (2d Cir. 2004) ("Admittedly, there are regulations so obviously related to legitimate penological concerns that challenges to them may be dismissed ... based simply on an (irrefutable) 'common sense determination.'") (quoting Giano v. Senkowski, 54 F.3d 1050, 1059 (2d Cir. 1995) (Calabresi, J., dissenting)); see, e.g., Wright v. United States, 1:19-cv-146-FDW, 2020 WL 1674557, at *4 (W.D.N.C. April 6, 2020) (dismissing on initial review a prisoner's claim

that restrictions on Sovereign Citizen activity violated his right to free speech because "[r]estrictions on dangerous and subversive groups is rationally related to a legitimate penological interest"), *aff'd sub nom.* Wright v. Rich, 836 F. App'x 179 (4th Cir. 2021); Harbin-Bey v. Rutter, 420 F.3d 517, 578 (6th Cir. 2005) (affirming dismissal of a prisoner's First Amendment claim regarding the rejection of a magazine that included an article depicting gang signs). Accordingly, the Plaintiff's First Amendment claim is dismissed.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint is dismissed. This action is dismissed without leave to amend, as it is clear that no amendment would cure the deficiencies noted herein. See United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); See also, Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1725 n.4.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk of Court is respectfully instructed to close this civil action.

**IT IS SO ORDERED.**

Signed: January 23, 2023

Martin Reidinger
Chief United States District Judge